BENTON, J.
The Insurance Company of North America, Inc. (INA) appeals an order striking its pleadings and entering a default as a sanction for willfully violating an order referring the parties to mediation. The trial court concluded that INA violated the order solely because INA did not send a representative, other than its outside attorney, to mediation. Concluding INA’s alleged misconduct did not violate the terms of the order, we reverse.
Edward B. Gaines and Cynthia M. Gaines (plaintiffs) filed a complaint seeking to recover damages under an insurance policy INA purportedly issued to them. On September 1, 1998, plaintiffs filed a motion for sanctions alleging that INA violated the order referring parties to mediation. In its order on this motion for sanctions, the trial court recited the following factual findings and legal conclusions:
The basis for the motion [for sanctions] was that Defendant INA was not represented at the mediation by a representative with full settlement authority other than its attorney. The attorney for Defendant INA acknowledged that he alone represented Defendant INA at the mediation conference. That was a clear *140 and willful violation of this Court’s orders.
But the order * referring the parties to mediation did not require INA to have “a representative with full settlement authority other than its attorney” present at the mediation. With regard to corporate representatives who had to attend the mediation, the order directed:
b. Corporate parties shall send a duly authorized representative with full authority to negotiate on behalf of said corporation and who has full authority to enter into a full and complete compromise and settlement.
c. If an insurance carrier has assumed the defense of a party, such carrier shall send a representative of the insurance carrier for said party who is not such carrier’s outside counsel and who has full authority to settle without further consultation.
Because INA was not an insurance carrier that had assumed the defense of a party, subsection (c) did not apply. INA was sued directly for breach of an insurance policy allegedly contracted between INA and the plaintiffs. INA never assumed the defense of another party. Consequently, only subsection (b) applied here. Under subsection (b), INA had to send only a single, duly authorized representative with full settlement authority in order to comply with the terms of the order. Nothing in the record contradicts affidavits asserting that INA’s outside counsel was duly authorized and had full settlement authority. Nor did the trial court find otherwise.
Because INA did not violate the terms of the order referring parties to mediation, we reverse the sanctions imposed for failure to comply with that order, and remand for further proceedings.
DAVIS and PADOVANO, JJ., concur.

 The trial court imposed sanctions only for the perceived violation of its order referring parties to mediation. Plaintiffs did not seek sanctions on the basis of a violation of Florida Rule of Civil Procedure 1.720(b)(3). We do not decide whether INA's failure to send a representative other than its outside counsel would have violated Rule 1.720(b)(3), absent the trial court’s limiting construction.